UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEE                                          CIVIL ACTION

VERSUS                                       NO: 10-670

AMERICAN SECURITY INSURANCE                  SECTION: "J" (1)
COMPANY

ORDER AND REASONS

Before the Court are Defendant American Security Insurance Company's ("American Security") **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 11)** and Plaintiff Chaundra Lee's ("Lee") **Opposition (Rec. Doc. 14)**.

PROCEDURAL HISTORY AND BACKGROUND FACTS

This action was severed from <u>Adams v. American Security Ins. Co.</u>, Civil Action No. 09-2609, which previously had been severed from two class action/mass joinder matters, <u>Abadie v. Aegis Security Ins. Co.</u>, Civil Action No. 06-5164 ("<u>Abadie I</u>") and <u>Abadie v. Aegis Security Ins. Co.</u>, Civil Action No. 07-5112 ("<u>Abadie II</u>"), all of which were previously consolidated into the levee breach litigation, <u>In Re Katrina Canal Breaches Consolidated Litigation</u>, Civil Action No. 05-4182. These matters were severed, with the Court ordering Plaintiffs to file individualized amended complaints against the individual insurer defendants by a stated deadline. Each new case was assigned a new title and docket number and was randomly allotted among divisions

1

of this Court. Pursuant to the Order of Severance dated February 4, 2009, the class action aspects of <u>Abadie I</u> and <u>Abadie II</u> were dismissed with prejudice.

The <u>Adams</u> case from which this case was ultimately severed was filed as a consolidated joinder matter against "Forced Place Insurance" carriers pursuant to the Court's Severance Order. <u>Id</u>. at (Doc. No. 17107).

Plaintiff filed a Supplemental and Amending Complaint Pursuant to Order of Severance on February 22, 2010, alleging that Defendant insurer had improperly refused to adequately adjust Plaintiff's claims for property damage to Plaintiff's home following Hurricane Katrina and that Defendant had use dilatory tactics to avoid making proper payment of Plaintiff's claims. Plaintiff alleges breach of contract and breach of the duty of good faith and fair dealing.

On December 1, 2010, Defendant insurer filed this Motion to Dismiss alleging that Plaintiff lacks subject matter jurisdiction because Plaintiff fails to meet the amount in controversy requirements for diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff filed her Opposition on December 15, 2010.

## THE PARTIES' ARGUMENTS

Defendant argues that Plaintiff has not satisfied the amount in controversy requirement. Although Plaintiff's policy provided a maximum limit of $86,400.00 for the main structure and

$8,640.00 for additional structures, Plaintiff submitted an alleged proof of loss on her property for only $40,217.65. Plaintiff was paid $29,134.21 by Defendant, and accordingly, only $11,083.44 remains in dispute. In Defendant's view, Plaintiff's claim cannot satisfy the $75,000 amount in controversy requirement for federal subject matter jurisdiction.

Secondarily, the Defendants argue that Plaintiff cannot satisfy the amount in controversy through the addition of the value of its additional claims, such as those for attorney's fees, because Plaintiff has not asserted facts sufficient to indicate the propriety of such claims. However, even assuming the most generous recovery under the relevant statutes, Plaintiff would only be entitled to receive $49,875.48, well below the jurisdictional minimum.

Plaintiff responds that it has satisfied the amount in controversy requirement under two alternative theories.  First, Plaintiff argues that the Class Action Fairness Act ("CAFA") applies to its claims made at the time of filing and that at the time of filing, the complaint involved the claims of "thousands of claimants and approximately seventy-two (72) insurer defendants, with the aggregate value of the claims unarguably exceeding the $5,000,000 threshold required under CAFA." Secondly, the Plaintiff counters that it also satisfies the individual claim standards for diversity jurisdiction because it

seeks recovery for damages to its property pursuant to the policy and because it also seeks extra-contractual damages and damages for pain and suffering. Plaintiff fails to specify the value of its claims.

## DISCUSSION

In order for a federal court to have diversity jurisdiction over a claim, 28 U.S.C. § 1332 requires that the amount in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs" in the case of individual claims and "exceed the sum or value of $5,000,000, exclusive of interest and costs" in the case of class of class actions. 28 U.S.C.A. §§ 1332(a) & (d). The party asserting federal diversity jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1252 (5th Cir. 1998). "It has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" St. Paul Reinsurance, 134 F.3d at 1253 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). "To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" Id.

The Court finds that Plaintiff has satisfied the jurisdictional amount under the individual claims standard in 28

4

U.S.C. § 1332(a). Defendant's argument might hold sway if Plaintiffs did not also assert claims in addition to those asserted under the policy. Under St. Paul Reinsurance, "in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages-just not interest or costs." 134 F.3d at 1253 (5th Cir. 1998). Here, in addition to a claim for proceeds due under the insurance policy, Plaintiff has made claims for punitive damages and various compensatory damages such as emotional distress.

    Moreover, Plaintiff has asserted specific claims under former La. R.S. 22:1220[1] and former La. R.S. 22:658[2]. Under these statutes, then, it appears clear that Plaintiff has asserted its jurisdictional amount in good faith and that that amount exceeds the jurisdictional minimum. Because Defendant has not proven to a legal certainty that Plaintiff's belief is in error, Defendant's motion should be denied.

    Accordingly, **IT IS ORDERED** that Defendant American Security Insurance Company's **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 11)** is **DENIED**.

---

[1]  Subsequently renumbered as La. R.S. 22:1973.

[2]  Amended in June 2006 and renumbered as La. R.S. 22:1892 in 2009.

New Orleans, Louisiana, this 11th day of January, 2011.

**CARL J. BARBIER**
**U.S. DISTRICT COURT JUDGE**